APPEAL OF RIVES S. BROWN, EXECUTOR, ESTATE OF LUCY C. LESTER, DECEASED.

Docket No. 6056.    Submitted February 20, 1926.    Decided April 23, 1926.

Value of inventory at the date of the death of the decedent determined.

*H. A. Mihills, C. P. A.,* and *Thomas D. Meriwether, C. P. A.,* for the taxpayer.

*F. O. Graves, Esq.,* for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

This appeal is from the determination of a deficiency in income tax of Lucy C. Lester, from January 1, 1920, to the date of her death on March 28, 1920, in the amount of $6,503.40. The point in issue is the value at the date of the death of the decedent of an inventory of a business carried on by the decedent under the name of Lester Live Stock & Grain Co.

FINDINGS OF FACT.

Several years prior to the decedent's death on March 28, 1920, the decedent engaged her nephew to carry on the business thereto-

fore conducted by her husband, who died about 1914. It was agreed that the business should be conducted under the name of Lester Live Stock & Grain Co. All of her business transactions were carried on under the name of this company. In the determination of the net income of the decedent for years prior to 1920, an inventory was taken of practically the entire assets of the decedent. In this inventory there was included not only merchandise, which was the subject of sale, but all of the personal property used in the business, including machinery and equipment. The inventory of merchandise was taken at cost, which, on December 31, 1919, was in excess of the market value. The amount of the merchandise inventory on that date was $32,863.31. Upon the death of Lucy C. Lester on March 28, 1920, it was discovered that the decedent by her will had not disposed of all of her property. There was no residuary legatee named and there were numerous items of property owned by her which she had not mentioned in her will. It at once became necessary to determine the value of all of the personal property of the estate, and the Circuit Court for Henry County, Va., ordered an appraisal made as of March 31, 1920, by five appraisers. These individuals started to make an appraisal soon after March 31, 1920, and the appraisal was filed on May 4, 1920, and duly accepted by the court. This appraisal showed the value of merchandise on hand at March 28, 1920, to have been $15,843.19, and this amount was used by the petitioner in the computation of the net income of the decedent from January 1 to March 28, 1920.

Subsequent to May 4, 1920, the merchandising business theretofore conducted under the name of Lester Live Stock & Grain Co. was conducted by Rives S. Brown and his sister as a partnership. The books of this company for the entire calendar year 1920 showed a net loss from operations of $36,368.32, and in arriving at the net income of the decedent from January 1 to March 28, 1920, the Commissioner deducted from the income from other sources $9,092.08, representing three-twelfths of the net loss sustained by the Lester Live Stock & Grain Co. for the year 1920. This contrasts with a loss claimed by the petitioner for the decedent for the same period of $23,703.67.

### OPINION.

SMITH: The question presented by this appeal is the value of the merchandise inventory of the Lester Live Stock & Grain Co., conducted by the decedent as a sole proprietorship, at the date of the death of the decedent, namely, March 28, 1920. Prior inventories of this business had been taken by the petitioner, the executor of the will of the decedent. He took no inventory at or about March 28, 1920. An inventory was, however, taken by five appraisers under

the direction of the court and they reached a value of the inventory of merchandise as of that date of $15,843.19. On behalf of the taxpayer it is claimed that this inventory should be used in determining the amount of the loss actually sustained by the business from January 1 to March 28, 1920. The Commissioner contends, however, that he has never permitted the establishment of the market value of inventories by means of an appraisal, as is contended for in this appeal; that in article 1584 of Regulations 45 (1920 edition) it is stated that under ordinary circumstances "market" means the current bid price prevailing at the time of the inventory for the particular merchandise in the volume in which ordinarily purchased by the taxpayer, and is applicable in the case of goods purchased and on hand; that it is also required that the taxpayer show both the cost and the market price of the article included in the inventory; that no effort has been made by the petitioner to show even approximately what it might have cost the petitioner to replace this inventory as of March 31, 1920.

At the hearing it was stipulated by both parties that the merchandise inventory at January 1, 1920, was $32,863.31. This was the amount shown by the return of the decedent on December 31, 1919. It was proven at the hearing that the merchandise inventory taken by the five appraisers as of March 31, 1920, was $15,843.19. Apparently in every case this inventory was valued at less than the cost, and from the evidence it would appear that the prices placed upon the merchandise appraised was the full market value. We are of the opinion, in view of the stipulation made by the parties, that the income-tax liability of the decedent for the period January 1 to March 28, 1920, should be determined upon the basis of a value of the merchandise inventory of the Lester Live Stock & Grain Co. at March 28, 1920, of $15,843.19.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*